Salvador Torres Pérez, demandante y apelante, *v.* White Star Bus Line, Inc., demandada y apelada.

Núm. 6871.—*Sometido:* Noviembre 13, 1936. *Resuelto:* Diciembre 11, 1936.

*Juan Valldejuli Rodríguez,* abogado del apelante; *Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Es ésta una acción en reclamación de daños y perjuicios, iniciada por Salvador Torres contra la White Star Bus Line, Inc.

La apelación interpuesta contra la sentencia dictada se basa exclusivamente en que el tribunal sentenciador cometió equivocación o error al apreciar la prueba.

La corte inferior, en la relación del caso, expone con claridad, ajustándose a la evidencia aportada, las teorías por ambas partes establecidas.

La evidencia del demandante tiende a demostrar que frente a La Colectiva, en dirección de San Juan a Santurce, había una guagua estacionada; que delante del automóvil del demandante, en dirección de Santurce a San Juan, caminaba otra guagua, la que paró casi paralelamente a la que se hallaba estacionada; que al tratar de parar también el demandante detrás de la referida guagua, venía en dirección contraria, a mucha velocidad, sin tocar *klaxon*, otra guagua propiedad de la demandada, la cual, al pasar a la guagua que estaba estacionada delante de ella, hallándose mojado el pavimento, hizo un *zig zag* y chocó con la parte delantera izquierda del vehículo del demandante y lo arrastró, quedando la parte delantera del vehículo en el centro y la trasera inclinada hacia la izquierda; y que el demandante, lo mismo que la señora Eduarda Conroy Vda. de Mack que le acompañaba, recibieron lesiones y fueron inmediatamente trasladados al Hospital Presbiteriano y allí asistidos.

La evidencia de la demandada tiende a demostrar que la guagua P–196 se dirigía de San Juan a Santurce, conduciendo pasajeros, a poca velocidad, porque llovía, y guiada por el *chauffeur* Francisco Santana; que frente a La Colectiva había otra guagua parada a su derecha, y cuando pasaba a ésta, por el centro de la carretera, venía en dirección contraria, de Santurce hacia San Juan, el automóvil del demandante, guiado por éste, a exagerada velocidad, y

al enfrentarse con la guagua P–196 frenó el vehículo, dando éste una patinada o *zig zag*, y chocando con la guagua por el lado izquierdo delantero y quedando encajado en el *bumper* de ésta, la que paró inmediatamente.

Alega con énfasis el apelante que no se trata en este caso de prueba contradictoria, como sostiene la corte inferior en su sentencia resolviendo el conflicto de la evidencia a favor de la parte demandada. Se arguye que no puede haber conflicto de evidencia, porque la teoría del demandante establece los hechos de su demanda con testigos oculares y la demandada tiende a establecer sus alegaciones y la teoría de su caso con declaraciones de policías insulares que no presenciaron el accidente y que declararon únicamente sobre la posición en que encontraron los vehículos.

Se olvida la parte apelante de las declaraciones de Gregorio García y Francisco Santana, testigos oculares, quienes sostienen independientemente del testimonio de los policías, la teoría de la demandada. Estos policías, que acudieron prontamente al sitio del accidente, declararon con respecto a la posición de los vehículos y sobre las huellas que había en la carretera. El policía Nemesio J. Nieves declara que la guagua estaba con dirección a Santurce y el carro de frente encajado por el *bumper* de la guagua, con un guardalodo bollado bastante, que vió al demandante Salvador Torres Pérez en el Hospital Presbiteriano, después de haberse curado; que el demandante le manifestó que "venía de Santurce con una señora, que llovía, que había visto un vehículo de frente por su derecha, que luego vió una guagua que estaba parada y otra que seguía hacia Santurce y que en virtud de eso quiso desviar el carro de tal manera que no pudo porque los frenos no correspondieron y ahí degeneró el choque." Esta prueba policiaca corrobora las manifestaciones de los testigos oculares de la demandada. De parte del demandante y en apoyo de su teoría, declararon cuatro testigos oculares. La contradicción de la prueba

es manifiesta. El tribunal inferior dió crédito a los testigos oculares de la demandada y tuvo en cuenta el testimonio de los policías sobre la posición de los vehículos a raíz del suceso, así como las manifestaciones hechas por el demandante a uno de los agentes de orden público. No creemos que dicho tribunal haya estado desacertado en la apreciación de la prueba. Por el contrario sus conclusiones nos parecen lógicas y razonables de acuerdo con la prueba practicada y las circunstancias que concurren en el presente caso. No se ha demotrado que el tribunal *a quo* actuara movido por pasión, prejuicio o parcialidad, ni que haya incurrido en manifiesto error en la apreciación de la prueba.

*Opinamos que debe confirmarse la sentencia apelada.*

El Juez Presidente Señor del Toro no intervino.